IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY JOSEPH THOMAS,

    Petitioner,                    No. CIV S-04-0733 MCE DAD[1] P

    vs.

A.K. SCRIBNER, Warden, et al.,      ORDER AND

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2001 judgement of conviction entered against him in the Sacramento County Superior Court. Before the court is respondents' November 7, 2005 motion to dismiss the petition as untimely. This is the second time respondents have so moved.

/////

/////

---

[1] Following the transfer of this case from the U.S. District Court for the Northern District of California to this court, the case was assigned to District Judge Morrison C. England and Magistrate Judge Peter A. Nowinski. On March 8, 2006, the case was temporarily assigned to Magistrate Judge John F. Moulds in place of Magistrate Judge Nowinski. Thereafter, on March 17, 2006, the case was reassigned to the undersigned Magistrate Judge.

1

I. <u>Procedural Background</u>

For purposes of the statute of limitations analysis, the relevant chronology in this case is as follows:

1. In 1997, following a jury trial, petitioner was convicted of battery on a nonprisoner by a prison inmate in violation of California Penal Code § 4501.5[2] and two counts of aggravated assault by a non-life prisoner in violation of Penal Code § 4501 in connection with which he was found to have personally inflicted great bodily injury pursuant to Penal Code § 12022.7. (Resp'ts' Mot. to Dismiss (MTD2), filed Nov. 7 2005 at 2; Resp'ts' Mot. to Dismiss (MTD1), filed Dec. 20, 2004, Ex B at 1-2 and Ex. I at 2.)   The jury also found petitioner to have suffered four prior felony convictions. (<u>Id.</u>)   Petitioner was sentenced to an indeterminate prison term of twenty-five years to life and a determinate prison term of fifteen years. (<u>Id.</u>)

2. Petitioner appealed his judgment of conviction and on June 21, 2001, the California Court of Appeal for the Third Appellate District vacated the sentence, reversed a prior strike finding and a serious felony finding based on allegations of a 1983 second degree burglary conviction and remanded the case for a new trial on those allegations and for resentencing. (MTD1, Ex. B at 2 and n.2.)

3. On September 11, 2001, petitioner filed a habeas petition with the Sacramento County Superior Court (case number 01F07143) claiming that there was insufficient evidence to find that the 1983 second degree burglary conviction was a serious or violent prior felony conviction constituting a second strike and that he should have been allowed to proceed pro se. (<u>Id.</u>, Ex. C at 3-5.)   On September 26, 2001, that petition was denied as moot since the California Court of Appeal had reversed the judgment and remanded the case for further proceedings.[3]

---

[2] Unless stated otherwise, all references to penal code sections are to California's Penal Code.

[3] The Court of Appeal had also rejected petitioner's claim that the trial court erred by not allowing him to proceed pro per. ((MTD1, Ex. D at 1.)

4. On September 13, 2001, petitioner filed a habeas petition with the California Court of Appeal for the Third Appellate District (case number CO39291) claiming that his requests to remove his defense counsel were erroneously denied by the state trial court. (Id., Ex. E at 3-4.) On September 20, 2001, that petition was denied with a citation to In re Hillery, 202 Cal. App. 2d 293 (1962) (providing that a Court of Appeal has discretion to refuse to issue a writ when the application has not first been made to a lower court and there is no extraordinary reason calling for disposition of the matter by the Court of Appeal). (Id., Ex. F at 1.)

5. On September 26, 2001, petitioner filed a second habeas petition with the Sacramento County Superior Court (case number 01F07649) claiming that the trial judge repeatedly and erroneously refused his requests to have his defense counsel removed. (Id., Ex. G at 3-4.) On October 23, 2001, that petition was denied as successive. The court also determined that petitioner's ineffective assistance of counsel claims were conclusory, unsupported and not cognizable under any exception to the successive petition bar. (Id., Ex. H at 1-2.)

6. Following the remand from the California Court of Appeal, on September 26, 2001, the trial court again found that petitioner's 1983 second degree burglary conviction qualified as a serious felony and imposed upon petitioner the same sentence that was originally imposed. (Id., Ex. B at 2.)

7. Petitioner again appealed from the judgment of conviction, alleging that the trial court committed prejudicial error in removing petitioner from the courtroom during his second sentencing hearing held on September 26, 2001. (Id.) On July 10, 2002, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. (Id.)

8. On August 19, 2002, the judgment became final, forty days after the California Court of Appeal affirmed petitioner's conviction and the time for filing a petition for review expired.

9. On January 12, 2003, petitioner signed a petition for writ of habeas corpus for submission to the California Supreme Court. That habeas petition was received by and filed with

1   the California Supreme Court (case number S112978) on January 22, 2003.  Therein petitioner
2   claimed as follows:  his trial counsel was ineffective; his requests to have his attorney removed
3   were erroneously denied; he was improperly forced to give up his Faretta rights; and he was
4   erroneously declared incompetent without a competency examination or a hearing.  (Id., Ex. I at
5   3-4.)  On July 30, 2003, the California Supreme Court denied the petition citing In re Swain, 34
6   Cal. 2d 300, 304 (1949), People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Dixon, 41 Cal.
7   2d 756 (1953).  (Id., Ex. J, at 1.)

8           10.  On February 20, 2004, petitioner signed the federal habeas petition now
9   pending before this court.  On March 9, 2004, that petition was filed with the U.S. District Court
10  for the Northern District of California.  On March 19, 2004, the case was transferred to this court.

11          11.  On April 29, 2004, petitioner filed an amended petition for a writ of habeas
12  corpus. (Court document number 6.)

13          12.  On May 5, 2004, the court ordered respondents to file a response to
14  petitioner's amended petition within sixty days. (Court document number 8.)

15          13.  On December 20, 2004, respondents filed a motion to dismiss the amended
16  petition as untimely.

17          14.  On February 11, 2005, Magistrate Judge Peter A. Nowinski filed findings and
18  recommendations recommending that the respondents' motion be denied. (Court document
19  number 31.)  Applying the mailbox rule in determining the filing dates for both petitioner's
20  federal habeas petition and his habeas petition before the California Supreme Court, and tolling
21  the period of time the petition was pending before the California Supreme Court, Magistrate
22  Judge Nowinski concluded that the pending federal habeas petition was timely filed.  Those
23  findings and recommendations were adopted on March 24, 2005 by U.S. District Judge Morrison
24  C. England.  (Court document number 33.)

25          15.  On November 7, 2005, respondents filed a second motion to dismiss.  On
26  December 21, 2005, petitioner was granted until January 30, 2006 to file his opposition to the

motion to dismiss.  On December 29, 2005 and January 12, 2006, petitioner filed motions concerning equitable tolling which the court has construed as including petitioner's opposition to the motion to dismiss.

II.  The Parties' Arguments

Respondents argue that based on the following facts the one-year statute of limitations expired before the pending federal petition was filed.  Petitioner's judgment of conviction became final on August 19, 2002, forty days after the California Court of Appeal affirmed his conviction and the time for filing a petition for review expired. (MTD2 at 4.)  The state habeas petitions filed in 2001 did not toll the statute of limitations since they were filed before the statute of limitations began to run on August 19, 2002. (Id.)  As for the habeas petition filed with the California Supreme Court on January 22, 2003, respondents argue that the court denied that petition as untimely by citing to In re Swain, and that under the holding in Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005), only a properly filed application can toll the statute of limitations. (Id. at 4-5)  Therefore, respondents contend that the statute of limitations expired on August 19, 2003.  Since petitioner did not file his federal petition until March 19, 2004, respondents argue that this action must be dismissed as untimely. (Id. at 5.)

Following the filing of respondents' motion to dismiss, petitioner filed nine motions.  Two motions, filed by petitioner on November 21, 2005, were construed by the court as requests for extensions of time to file his opposition to respondents' motion to dismiss.  On December 21, 2005, the court granted petitioner until January 30, 2006 to oppose the motion.  The court now considers petitioner's remaining seven motions which have been construed by the court as including petitioner's opposition to the pending motion to dismiss.

On December 29, 2005, petitioner filed a document styled, "Equitable Tolling Credits Motion," in which petitioner contends that in 2000 and 2001, he was deemed incompetent by prison mental health staff and that on April 13, 2002, he was housed in the Pelican Bay State Prison's psychiatric housing unit. (See Court document number 45.)

Petitioner attached the following documents to this motion: (1) a motion for an extension of time to file a petition for review, filed on January 15, 2003[4] with the California Supreme Court; (2) a motion for appointment of counsel to the California Supreme Court, dated January 12, 2003; (3) the California Supreme Court's July 30, 2003 denial of petitioner's habeas petition; (4) a motion for dismissal, filed in this action and dated August 24, 2004, which provides notice to the court that petitioner's access to the law library at California State Prison - Corcoran (CSP-Corcoran) has been limited[5]; (5) a document styled, "Motion For The Reopen Of The Above Entitled Case," purportedly filed with this court of October 18, 2005, in which petitioner complains about the loss of his legal mail by staff at CSP-Corcoran and requests that his case be reopened[6].

On January 12, 2006, petitioner filed a "Motion for Equitable Tolling," wherein he again contends that he has limited access to the law library at CSP-Corcoran and that there is currently no law librarian at that institution, and requests that the court "recognize his on going complaint of continuous CSP/Corcoran a [sic] unlawful governmental interfencings [sic]." (Mot. for Equit. Toll. (Court document number 47), filed Jan. 12, 2006, at 1.)[7]

On January 19, 2006, petitioner filed a document styled, "Motion To Be Grantable [sic] A Pass To Freedom," in which petitioner requests that he be released and argues that

---

[4] The year the motion was signed is partly illegible but it appears that the year is 2003.

[5] Magistrate Judge Nowinski construed this motion as a request for voluntary dismissal by petitioner and on September 22, 2004, ordered this case dismissed. On October 21, 2004, the court vacated the order, noting that petitioner had filed numerous documents indicating his desire to dismiss the case and other documents indicating his desire to continue with the case. Concluding that it "appears impossible for the court to obtain clear communication on this issue" and out of an abundance of caution, the court ordered the respondents to file a response to the habeas petition.

[6] This motion was actually filed on October 20, 2005. See Court document number 40 at 2.

[7] On January 12, 2006, petitioner also filed a motion for extension of time requesting that the California Supreme Court allow petitioner to file a petition for review. (See Court document number 48.) This document will be placed in the file and disregarded since it was filed with the wrong court.

1 respondents failed to comply with the court's May 10, 2005 order requiring them to file a
2 response to petitioner's amended petition. (Court document number 49.) Petitioner's arguments
3 in this regard are without merit. Following the denial of respondents' first motion to dismiss, on
4 May 11, 2005, the court ordered respondents to file their response to the amended petition. On
5 June 21, 2005, the court granted respondents a thirty-day extension to file their response.
6 Respondents filed a request for reconsideration on July 20, 2005, based on the Supreme Court's
7 recent decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005). On October 19, 2005, the request
8 for reconsideration was denied as untimely, and respondents were ordered to file either an answer
9 or a motion to dismiss within twenty days. (See Court document number 39.) The motion to
10 dismiss was filed on November 7, 2005, nineteen days after the court's order. The motion was
11 therefore timely filed. Accordingly, petitioner's motion will be denied.

12      On January 19, 2006, petitioner filed a document styled, "Motion To Exonerate
13 The Above Cases," in which petitioner alleges misconduct and governmental interference by the
14 prosecutor and the Attorney General's Office, and requests that the court "order complete
15 exoneration and remand the case so that non-reciprocal Sacramental [sic] Superior courtroom can
16 devise the proper remedy for the litigant . . . ." (Mot. to Exonerate (Court document number 50),
17 filed Jan. 19, 2006, at 2.) This motion is nonsensical and will be denied.

18      On January 23, 2006, petitioner filed a document styled, "Motion To Be Grantable
19 [sic] A Pass To Freedom." (See Court document number 51.) Therein petitioner asserts that he
20 has been subjected to governmental interference in the form of having limited access to the
21 prison law library and that this should compel the granting of his habeas petition. Petitioner also
22 contends that respondents have failed to timely oppose petitioner's amended petition, that this
23 action should be reopened, and that his conviction was obtained in violation of his due process
24 rights and the prohibition against ex post facto laws. This motion will be denied as duplicative.
25 To the extent that petitioner is attempting to address the merits of his habeas petition, his
26 /////

arguments are premature since the issue currently before the court is whether this action is barred by the statute of limitations.

On January 23, 2006, petitioner filed a document styled, "Motion For Reversal," in which petitioner again contends that he has only limited access to the prison law library and has "been unable to complete his on going gathering of leal materals [sic] and supplys [sic] that are turelly [sic] needed in the full preparation of his case." Petitioner asks the court to recognize this governmental interference and to "grant the litigany [sic] a motion for reversal." (Mot. for Reversal, filed Jan. 23, 2006, at 1.) This motion will also be denied.

After considering all of petitioner's motions, which the court has construed as including his opposition to the pending motion to dismiss, it appears that petitioner has presented no arguments concerning statutory tolling. Rather, petitioner's opposition to the motion relies solely on his claim that equitable tolling of the statute of limitations is appropriate under the circumstances of his case.

III. Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year period of limitation applies to a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run on the date on which the petitioner's judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

The one-year federal statute of limitations is tolled while a petitioner exhausts state remedies. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

/////

/////

/////

counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).[8] This statutory tolling will apply if a state habeas petition has been properly filed. Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full-round of review in the state courts. This includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending." In Evans v. Chavis, ___ U.S. ___, 126 S. Ct. 846 (2006) the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. 126 S.Ct. at 852 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). However, "'[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (quoting Pace, [544 U.S. at 414] 125 S. Ct. at 1812).[9] See also Carey v. Saffold, 536 U.S. at 226.

/////
/////
/////

---

[8] Apart from this statutory tolling provision, the one-year period is also subject to equitable tolling if extraordinary circumstances beyond a prisoner's control make it impossible to file a federal petition on time. Redd v. McGrath, 343 F.3d 1077, 1081 (9th Cir. 2003).

[9] The Court has held that filing time limits "go to the very initiation of a petition and a court's ability to consider that petition." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

9

Here, it is undisputed that petitioner's judgment of conviction became final on August 19, 2002. Thus, the statute of limitations began to run on August 20, 2002.[10] Petitioner signed his federal habeas petition 549 days later on February 20, 2004.[11] Unless the statute of limitations was tolled, petitioner's federal petition is untimely. In findings and recommendations filed February 11, 2005, it was determined that there was no tolling applicable for the time period between the California Court of Appeal's denial of the habeas petition filed with that court and the petitioner's filing of his habeas petition with the California Supreme Court.[12] However, it was also determined that the statute of limitations was tolled for the 199 days petitioner's habeas petition was pending in the California Supreme Court and that this period of tolling was sufficient to render his federal petition timely filed. In this second motion to dismiss, respondents argue that based on the Supreme Court's subsequent decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005), the habeas application submitted by petitioner to the California Supreme Court was not properly filed and thus cannot cause the statute of limitations

/////
/////
/////
/////

---

[10] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Rule 6 of the Federal Rules of Civil Procedure).

[11] As set forth in the findings and recommendations filed November 7, 2005 with respect to respondents' first motion to dismiss, in applying the mailbox rule announced in Houston v. Lack, 487 U.S. 266 (1988), it is presumed that petitioner delivered his federal petition to prison officials for mailing on the date the petition was signed. See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (citing Saffold v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000), overruled on other grounds by Carey v. Saffold, 536 U.S. 214 (2002)). Thus, the date the habeas petition was signed, rather than the court's filing date, is the date upon which the statute of limitations stopped running.

[12] These findings and recommendations were adopted by the assigned District Judge on March 24, 2005. (See Court document number 33.)

to be tolled. Respondents contend that if such is the case, the pending federal petition must be dismissed as untimely.[13]

Under the analysis mandated by the Supreme Court's recent decisions in <u>Pace</u> and <u>Evans</u>, this court must first determine whether the California Supreme Court denied petitioner's habeas application as untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was never properly filed and petitioner would not be entitled to any period of tolling under § 2242(d)(2). See <u>Bonner v. Carey</u>, 425 F.3d 1148-49. However, even if the California Supreme Court did not deny the habeas petition filed in that court as untimely, this court is now charged with the duty of independently determining whether petitioner's request for state court collateral review, filed less than five months after his judgment of conviction became final, was made within what California would consider a "reasonable time." <u>Evans</u>, 126 S. Ct. at 852.[14] If it was, then the state petition was properly filed and the statute of limitations under § 2242(d)(2) was tolled, rendering petitioner's federal habeas petition timely.

/////

---

[13] Respondents attempted to raise this claim in a request for reconsideration, filed on July 20, 2005. That request was denied as untimely and respondents were ordered to file either an answer to the amended petition or a motion to dismiss. See Order by Magistrate Judge Peter A. Nowinski, filed Oct. 19, 2002, at 1.

[14] In what can fairly be characterized as a profound understatement, the Supreme Court recognized that "[g]iven the uncertain scope of California's 'reasonable time' standard, it may not be easy for the [lower federal courts] to decide in each such case whether the petitioner's state-court review petition was timely." <u>Evans v. Chavis</u>, ____ U.S. ____, 126 S. Ct. 846, 852 (2006). In <u>Bonner v. Carey</u> the Ninth Circuit noted that it was ironic that the complicated procedure necessitated under the Supreme Court's decision in <u>Pace</u> derives from the AEDPA, a statute purportedly designed to streamline and simplify the complicated habeas process. 425 F.3d 1145, 1149 n.20 (9th Cir. 2005). The same observation is applicable to the case by case analysis that federal courts in California must now engage in under <u>Evans</u> to determine whether state habeas petitions were filed within what California courts would have deemed to be a "reasonable time" under California law had they elected to consider the issue. All the while it becomes more and more clear that the most simple and streamlined procedure to address the vast majority of federal habeas petitions would be to address the merits. Indeed, in the undersigned's experience, that is in fact what the California Court of Appeals and California Supreme Court elect to do in resolving the vast majority of state habeas petitions which come before those courts.

A. <u>Did the California Supreme Court Find Petitioner's Habeas Application Untimely</u>?

On July 30, 2003, the California Supreme Court denied petitioner's habeas petition. The court's order in its entirety stated:

> Petition for writ of habeas corpus is DENIED. (See <u>In re Swain</u> (1949) 34 Cal. 2d 300, 304; <u>People v. Duvall</u> (1995) 9 Cal. 4th 464, 474; <u>In re Dixon</u> (1953) 41 Cal. 2d 756.

Respondents now argue that the California Supreme Court's citation to <u>In re Swain</u> in denying the petition reflects that the state petition was denied as untimely. (MTD2 at 4.) That being the case, respondents argue, since the state petition was not "properly filed" it cannot serve to toll the statute of limitations under 28 U.S.C. § 2242(d)(2). (<u>Id.</u>)

At the page of the <u>Swain</u> decision cited in the order denying petitioner's state habeas petition, the California Supreme Court stated, "[w]e are entitled to and we do require of a convicted defendant that he allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts." 34 Cal. 2d at 304. The court in <u>Swain</u> denied the habeas application pending before it without prejudice so that a new petition could be filed which satisfied those requirements. <u>Id.</u>

Respondents provide no authority for the proposition that a citation to <u>Swain</u> by a California court indicates that a habeas petition has been found to be untimely. In this regard, respondents apparently rely on earlier findings and recommendations filed in this action by Magistrate Judge Nowinski in which he concluded that a citation to <u>In re Swain</u> indicates that "petitioner's delay in seeking habeas relief was unreasonable." (Findings and Recommendations filed Feb. 11, 2005, at 3.) The undersigned reaches a different conclusion as to the meaning of the California Supreme Court's citation to <u>In re Swain</u> in otherwise summarily denying petitioner's application for a writ of habeas corpus.

At the outset, the court recognizes that the Ninth Circuit has observed on occasion that the <u>Swain</u> rule is "commonly referred to as the untimeliness bar." <u>Washington v. Cambra</u>, 208 F.3d 832, 833 (9th Cir. 2000). However, the court in the same decision also referred to the

Swain and Dixon rules as procedural bars. 208 F.3d at 834.[15]  Moreover, in denominating Swain as an untimeliness bar, the Ninth Circuit in Washington v. Cambra, specifically referred to Swain, [34 Cal. 2d at 302] 209 P.2d at 795, rather than to 34 Cal. 2d at 304 which was the specific citation employed by the California Supreme Court in denying petitioner's state habeas application. In the cited portion of the Swain decision, 34 Cal. 2d at 304, the California Supreme Court addressed the requirement that a convicted defendant allege with particularity the facts upon which he would have a final judgment overturned. The California Supreme Court then stated,

> [t]his procedural requirement does not place upon the indigent prisoner who seeks to raise questions of the denial of fundamental rights in propria persona any burden of complying with technicalities; it simply demands of him a measure of frankness in disclosing his factual situation.

34 Cal. 2d at 304. Accordingly, the court denied the petition before it without prejudice to the filing of a new petition which met the specified requirements. Id.  Thus, it would appear that by specifically citing Swain, 34 Cal. 2d at 304 the California Supreme Court in this case was indicating an intention to rely on Swain's particularity rationale, not untimeliness, in denying petitioner's application.

There is additional authority for the proposition that a specific citation to Swain, 34 Cal. 2d at 304 indicates a denial for lack of particularity rather than a finding of untimeliness. In Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005), amended on other grounds 447 F.3d 1165 (9th Cir. 2006), the Ninth Circuit addressed the California Supreme Court's denial of a habeas application with citation to In re Swain and People v. Duvall[16] as follows:

---

[15] As indicated above, in petitioner's case the California Supreme Court cited the decisions in Swain, Dixon and Duvall in denying the application without substantive comment. The citation to Dixon indicates a procedural bar whereby a petitioner is precluded from raising on habeas issues that could have been, but were not, raised on direct appeal. See Jackson v. Roe, 425 F.3d 654, 657 n.2 (9th Cir. 2005). Thus, the court's citation to Dixon has no relevance to the resolution of the pending motion.

[16] See fn. 15, supra.

> The ruling in Swain was thus not a final ruling on the merits of Swain's state habeas application, but rather was, in effect, a grant of a demurrer with leave to refile. California is a "code pleading" state in which facts in a civil suit must be pled with particularity, and a demurrer is the procedural device used to challenge the adequacy of pleading in a complaint or cross claim.
>
> In light of its citations to Swain and Duvall, we read the California Supreme Court's denial of Gaston's sixth habeas application as, in effect, the grant of a demurrer, i.e., a holding that Gaston had not pled facts with sufficient particularity. While Gaston's sixth application was thus procedurally deficient under California law, it was not improperly filed within the meaning of § 2244 (d)(2). There is no indication that the application was time-barred, lodged in the wrong court or office, or formatted improperly. Thus, because Gaston's sixth state application's "delivery and acceptance [was] in compliance with the applicable laws and rules governing filings," it was "properly filed" despite being procedurally flawed, and therefore may properly be used for purposes of § 2244(d)(2) tolling.

417 F.3d at 1039 (citations omitted). See also Dulaney v. Candelaria, No. CVF 03-6136SMSHC, 2005 WL 3144253, at *5 (E.D. Cal. Nov. 21, 2005) ("The Ninth Circuit has held that an In re Swain [34 Cal. 2d at 304] citation is a denial on procedural grounds, because such a deficiency, when it exists, can be cured in a renewed petition."). It would appear clear that a habeas petition that is denied for lack of particularity with leave to amend is not one that has been found by the state court to have been untimely filed.

Finally, had the California Supreme Court found petitioner's application untimely and denied it on that ground, the court typically would have cited to its decisions in In re Clark, 5 Cal. 4th 750 (1993) and In re Robbins, 18 Cal. 4th 770 (1998), both of which are devoted in large part to analyzing the timeliness of habeas corpus petitions under California law. See King v. LaMarque, 455 F.3d 1040, 1042 (9th Cir. 2006).

Accordingly, the court rejects respondents' assertion that in this case the California Supreme Court's bare citation to In re Swain, 34 Cal. 2d 300, 304 reflects a determination that the petition was untimely under state law.

/////

14

B. <u>Was the State Petition Filed Within What California Would Consider a Reasonable Time</u>?

Again, under <u>Evans</u> the court must next considers whether petitioner's habeas application to the California Supreme Court was filed within what that court would consider a "reasonable time" had the state court chosen to consider the issue. 126 S. Ct. at 852. The Supreme Court's acknowledgment that such a determination may be difficult (<u>Evans</u>, 126 S. Ct. at 852) is well supported. As the Ninth Circuit recently noted:

> California's timeliness rule bars habeas petitions that are filed after "substantial delay." A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief. <u>Clark</u>, 21 Cal. Rptr. 2d 509, 855 P.2d at 738, 750-51. There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay.
>
> ***
>
> But <u>Clark</u> did nothing to clarify the application of the basic "substantial delay" standard with regard to noncapital cases. Furthermore, the <u>Clark</u> exceptions, specifying when review can be granted despite "substantial delay," do nothing to clarify the "substantial delay" standard itself.

<u>King</u>, 455 F.3d at 1043.

In light of these ambiguous standards with respect to timeliness under California law, inconsistent application among California courts is not surprising. <u>Id.</u> Thus, in an earlier Ninth Circuit decision it was observed:

> For example, Morales asserts that at the time his case was litigated in the district court, the California Supreme Court had denied 35 habeas petitions filed three years or more after affirmance on direct appeal, and more than half of those denials had not been on grounds of untimeliness. Only 6 cases had been denied on untimeliness alone. The State does not dispute these figures[.]
>
> ***
>
> It is theoretically possible, we suppose, to reconcile and explain all of the California Supreme Court decisions entertaining on the

15

> merits or rejecting as untimely petitions that are three or more years old.  Those divergent decisions may indeed represent consistent exercises of discretion rather than random applications of or exceptions to the timeliness rule. But we have no way of knowing whether that is the case. The California Supreme Court's denials of habeas petitions that Morales relies upon were accomplished by brief minute entries in what has been described as "post-card denial." We can discern no apparent relationship between the time of delay and the findings concerning timeliness.  Nor could Morales be expected to do so.

Morales v. Calderon, 85 F.3d 1387, 1391-92 (9th Cir. 1996).  See also King, 455 F.3d at 1043.

In considering whether California courts would have found the habeas petition in question untimely, it is important to note that petitioner's is not a capital case.  California has been most concerned with the timeliness of habeas petitions in such cases, providing a presumptive time period for timeliness only with respect to capital cases.  See Cal. Rules of Court Policy Statement 3, std. 1-1.1 (Deering 2005) ("A petition for a writ of habeas corpus [in a capital case] will be presumed to be filed without substantial delay if it is filed within 180 days after the final due date for the filing of appellant's reply brief on the direct appeal . . .").  The undersigned recognizes that the United States Supreme Court has found an unexplained six month gap between the filing of habeas petitions in California courts to be unreasonable and therefore untimely, presumably, as a matter of California law.  Evans v. Chavis, 126 S. Ct. at 854.  That conclusion was based, at least in part, on the notion that six months is far longer than the thirty to sixty days allowed by most states for the filing of an appeal to their state supreme courts and far longer than the 10 days California provides for the filing of a notice of appeal.  Id.  Here, however, time periods for the filing of notices of appeal under state law have little application.  The only state habeas petition filed after petitioner's judgment of conviction became final on August 19, 2002, was the petition filed in the California Supreme Court.[17]  Most important to resolution of

---

[17] As noted above, petitioner's state habeas applications submitted to the Superior Court and the California Court of Appeal were each filed while his direct appeals were pending and before his judgment of conviction became final.  Thus, in this case, as in many others that the undersigned has been called upon to consider over the years, California's "original writ" system

the pending motion, is the United States Supreme Court's holding in Saffold that the 4 1/2 month delay between the denial of the petitioner's habeas petition by the California Court of Appeal and the filing of his habeas petition with the California Supreme Court was not necessarily unreasonable and therefore did not necessarily render the petition to the state supreme court untimely under California law for federal statute of limitations purposes. See 536 U.S. at 226; see also Evans v. Chavis, 126 S. Ct. at 858-59 (Stevens, J., concurring).

Here, petitioner's judgment of conviction became final on August 19, 2002. Less than five months later, on January 12, 2003, petitioner submitted his habeas petition for filing with the California Supreme Court. In light of the United States Supreme Court's holding in Saffold that a 4 1/2 month delay in filing was not necessarily unreasonable under California law, and given the evidence before the court in Morales that over a given period more than half of the habeas petitions filed three years or more after affirmance on direct appeal had not been denied on grounds of untimeliness by the California Supreme Court, as well as the potential explanations for delay offered in connection with petitioner's equitable tolling arguments to this court and the undersigned's own experience in reviewing California habeas proceedings, this court cannot conclude that had the California Supreme Court considered the issue it would have concluded that the habeas petition before it was not filed within a "reasonable time."

Having determined that the petition filed before the California Supreme Court cannot be said to have been untimely under state law, the undersigned finds that petition to have been properly filed. Accordingly, the 199 days petitioner's habeas petition was pending in the California Supreme Court is subject to tolling under 28 U.S.C. § 2244(d)(2). That period of

---

of collateral review does not function like a system of typical appellate review. See Carey v. Saffold, 536 U.S. 214, 221-22 (2002); Evans v. Chavis, 126 S. Ct. at 849-50; see also Gaston v. Palmer, 417 F.3d 1030, 1042 (9th Cir. 2005) ("Not all California habeas applicants proceed through the California courts in as orderly a fashion as the applicant in Saffold. When applicants follow a more complicated or circuitous route, California's "original writ" system and its flexible procedural rules fit awkwardly with AEDPA's regime of cooperative federalism and deference to state courts."), amended on other grounds by 447 F.3d 1165 (9th Cir. 2006).

statutory tolling renders the pending federal petition timely filed.[18]  Therefore, respondents' motion to dismiss should be denied and respondents should be directed to file an answer to the amended petition.

IV.  <u>Petitioner's Other Motions</u>

On July 6, 2006, petitioner filed a motion styled, "Motion For Certification Of Appealabilitys [sic]," in which he requests that the court grant his habeas petition.  Petitioner's request is premature and will be denied.

On July 6, 2006, petitioner filed a motion for the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's January 12, 2006 request for an extension of time, directed to the California Supreme Court, shall be placed in the file and disregarded;

2.  Petitioner's January 19, 2006 motion for release is denied;

3.  Petitioner's January 19, 2006 motion to exonerate is denied;

4.  Petitioner's January 23, 2006 motion for release is denied as duplicative and premature;

5.  Petitioner's January 23, 2006 motion for reversal is denied;

6.  Petitioner's July 6, 2006 motion for certification of appealability is denied; and

7.  Petitioner's July 6, 2006 motion for the appointment of counsel is denied.

---

[18] In light of this determination, this court need not address petitioner's argument that he is entitled to equitable tolling of the statute of limitations with respect to the filing of his federal petition.

Also, IT IS HEREBY RECOMMENDED that:

1. Respondents' November 7, 2005 motion to dismiss be denied; and

2. Respondents be ordered to file an answer to the amended petition, filed on April 29, 2004.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **five** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 1, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
thom733.mtd3A