1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LARRY JOSEPH THOMAS,

11          Petitioner,                    No. CIV S-04-0733 MCE DAD P

12      vs.

13   A. K. SCRIBNER, Warden, et al.,

14          Respondents.                   FINDINGS & RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  He seeks relief on the grounds that: (1) the trial

18   court violated his rights under the Sixth and Fourteenth Amendments when it removed him from

19   the courtroom during his trial; (2) he received ineffective assistance of counsel; (3) he was denied

20   the right of access to the courts because he was not allowed sufficient time in the prison law

21   library; and (4) the prosecutor committed misconduct.  Upon careful consideration of the record

22   and the applicable law, the undersigned will recommend that petitioner's application for habeas

23   corpus relief be denied.

24                          PROCEDURAL BACKGROUND

25          In 1997, following a jury trial, petitioner was convicted of battery on a

26   nonprisoner by a prison inmate in violation of California Penal Code § 4501.5 and two counts of

1

1    aggravated assault by a non-life prisoner in violation of California Penal Code § 4501 in

2    connection with which he was found to have personally inflicted great bodily injury pursuant to

3    California Penal Code § 12022.7.  (Resp'ts' Lodged Document No. 4 (Opinion) at 1-2.)   The

4    jury also found petitioner to have suffered four prior felony convictions.  (Id.)  He was sentenced

5    to an indeterminate prison term of twenty-five years to life and a determinate term of fifteen

6    years imprisonment.  (Id.)

7            Petitioner appealed his judgment of conviction and on June 21, 2001, the

8    California Court of Appeal for the Third Appellate District vacated his sentence, reversed a strike

9    prior finding and the serious felony finding that was based on petitioner's 1983 second degree

10   burglary conviction and remanded the case for a new trial on those allegations and for re-

11   sentencing.  (Id.)

12           On September 11, 2001, petitioner filed a habeas petition with the Sacramento

13   County Superior Court (case number 01F07143) claiming that: (1) there was insufficient

14   evidence to find that the 1983 second degree burglary conviction was a serious or violent prior

15   felony conviction constituting a second strike; and (2) he should have been allowed to represent

16   himself.  (Resp'ts' Lodged Document No. 5.)  On September 26, 2001, that petition was denied

17   as moot since the California Court of Appeal had by then reversed the judgment in part and

18   remanded the case for further proceedings.  (Resp'ts' Lodged Document No. 6.)  The Superior

19   Court also rejected petitioner's claim that the trial court had erred by not allowing him to proceed

20   pro se.  (Id.)

21           On September 13, 2001, petitioner filed a habeas petition with the California

22   Court of Appeal for the Third Appellate District (case number CO39291) claiming that his

23   requests to remove his defense counsel were erroneously denied by the state trial court.  (Resp'ts'

24   Lodged Document No. 7 at 3-4.)  On September 20, 2001, that petition was denied with a

25   citation to In re Hillery, 202 Cal. App. 2d 293 (1962) (providing that a Court of Appeal has

26   discretion to refuse to issue a writ when the application has not first been made to a lower court

2

1  and there is no extraordinary reason calling for disposition of the matter by the Court of Appeal).

2  (Resp'ts' Lodged Document No. 8.)

3          On September 26, 2001, petitioner filed a second habeas petition with the

4  Sacramento County Superior Court (case number 01F07649) claiming that the trial judge

5  repeatedly and erroneously refused his requests to have his defense counsel removed due to

6  incompetence and providing inadequate representation.  (Resp'ts' Lodged Document No. 9 at 3-

7  4.)  On October 23, 2001, that petition was denied as successive.  (Resp'ts' Lodged Document

8  No. 10 at 1-2.)  The court also determined that petitioner's ineffective assistance allegations were

9  conclusory, unsupported and not cognizable under any exception to the successive petition bar.

10 (Id.)

11          Following the remand from the California Court of Appeal, on September 26,

12 2001, the trial court again found that petitioner's 1983 second degree burglary conviction

13 qualified as a serious felony and re-imposed upon petitioner the same sentence.  (Opinion at 2.)

14          Petitioner again appealed from the judgment of conviction, alleging that the trial

15 court committed prejudicial error when it removed him from the courtroom during his second

16 sentencing hearing held on September 26, 2001.  (Resp'ts' Lodged Document No. 1.)  On July

17 10, 2002, the California Court of Appeal for the Third Appellate District affirmed the judgment

18 of conviction.  (Opinion at 7.)

19          On January 22, 2003, petitioner filed a petition for writ of habeas corpus in the

20 California Supreme Court (case number S112978).  (Resp'ts' Lodged Document No. 11.)

21 Therein petitioner claimed as follows: (1) his trial counsel was ineffective; (2) his requests to

22 have his attorney removed were erroneously denied; (3) he was improperly forced to give up his

23 Faretta rights; and (4) he was erroneously declared incompetent without a competency

24 examination or a hearing.  (Id. at 3-4.)  On July 30, 2003, the California Supreme Court denied

25 the petition citing its decisions in  In re Swain, 34 Cal. 2d 300, 304 (1949), People v. Duvall, 9

26 /////

1   Cal. 4th 464, 474 (1995) and In re Dixon, 41 Cal. 2d 756 (1953).  (Resp'ts' Lodged Document

2   No. 12.)

3           On February 20, 2004, petitioner signed the federal habeas petition now pending

4   before this court.  On March 9, 2004, that petition was filed with the U.S. District Court for the

5   Northern District of California.  On March 19, 2004, the case was transferred to this court.  On

6   April 29, 2004, petitioner filed an amended petition for a writ of habeas corpus, upon which this

7   action is proceeding.

8                                              ANALYSIS

9   I.  Standards of Review Applicable to Habeas Corpus Claims

10          A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

11  some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860,

12  861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v.

13  Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the

14  interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);

15  Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas

16  corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377

17  (1972).

18          This action is governed by the Antiterrorism and Effective Death Penalty Act of

19  1996 ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d

20  1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting

21  habeas corpus relief:

22              An application for a writ of habeas corpus on behalf of a
            person in custody pursuant to the judgment of a State court shall
23          not be granted with respect to any claim that was adjudicated on
            the merits in State court proceedings unless the adjudication of the
24          claim -

25              (1) resulted in a decision that was contrary to, or involved
            an unreasonable application of, clearly established Federal law, as
26          determined by the Supreme Court of the United States; or

                                              4

1            (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the
2            State court proceeding.

3  28 U.S.C. § 2254(d).  See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v.

4  Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

5         The court looks to the last reasoned state court decision as the basis for the state

6  court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state

7  court reaches a decision on the merits but provides no reasoning to support its conclusion, a

8  federal habeas court independently reviews the record to determine whether habeas corpus relief

9  is available under section 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003);

10  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).  When it is clear that a state court has not

11  reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the

12  AEDPA's deferential standard does not apply and a federal habeas court must review the claim

13  de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160,

14  1167 (9th Cir. 2002).

15  II.  Petitioner's Claims

16      A.  Right to Be Present

17         Petitioner's first claim is that the trial court violated his federal constitutional

18  rights when he was removed from the courtroom during the retrial on the prior conviction

19  allegations and for re-sentencing.  Petitioner raised this claim for the first time on direct appeal in

20  the California Court of Appeal for the Third Appellate District.  (Resp'ts' Lodged document No.

21  1.)  Petitioner did not file a petition for review in the California Supreme Court.  Respondents

22  argue that petitioner's claim should be dismissed as unexhausted or, in the alternative, denied on

23  the merits.

24         This court will recommend that petitioner's claim challenging his removal from

25  the courtroom be denied pursuant to 28 U.S.C. § 2254(b)(2) which provides that "[a]n

26  application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure

5

1   of the applicant to exhaust the remedies available in the courts of the State."  Petitioner's claim

2   in this regard is not colorable and should therefore be denied.  See Cassett v. Stewart, 406 F.3d

3   614, 624 (9th Cir. 2005) (a federal court considering a habeas petition may deny an unexhausted

4   claim on the merits when it is perfectly clear that the claim is not "colorable").

5              The California Court of Appeal fairly described the background to petitioner's

6   claim in this regard as follows:

7           On appeal, defendant contends the trial court committed prejudicial
            error when it ordered him removed from the courtroom during the
8           trial on the prior conviction and sentencing.  We shall affirm the
            judgment.

9
            The reporter's transcript reflects the following exchange occurred
10          at the outset of the trial on defendant's 1983 second degree
            burglary conviction:

11
            "THE COURT:  Mr. Lippsmeyer for Mr. Thomas, Mr. McCamy
12          for the People.

13          "THE DEFENDANT:  I am in the wrong place again.

14          "THE COURT:  Pardon me, sir?

15          "THE DEFENDANT:  Thomas here.

16          "MR. LIPPSMEYER:  Mr. Larry Thomas.

17          "THE COURT:  This is on for remitt[itur] from the Third
            Appellate District essentially indicating –
18
            "THE DEFENDANT:  It must be incorrect.
19
            "THE COURT:  Mr. Thomas, you are going to need to stop talking
20          because I need to make a record.

21          "THE DEFENDANT:  That's the point.

22          "THE COURT:  If you keep talking, I am going to move you out of
            the courtroom.
23
            "THE DEFENDANT:  Well, I got to leave.
24
            "THE COURT:  I am going to give you – that's your first warning,
25          sir.

26   /////

1      "THE DEFENDANT:  That was your first warning when I told you
       you needed to stop talking.
2
       "THE COURT:  So the remitt[itur] indicates there was insufficient
3      evidence to prove that the 1983 burglary was a serious felony
       within the strike law, so here we are today.
4
       "Mr. Lippsmeyer, how did you wish to proceed?
5
       "THE DEFENDANT:  Like you drunk.
6
       "THE COURT:  Take him out.
7
       "(Whereupon the defendant exited the courtroom.)
8
       "How did you wish to proceed, Mr. Lippsmeyer?
9
       "MR. LIPPSMEYER:  Well, I thought I would submit it on the
10     documentation that Mr. McCamy is going to present for the
       People.
11
       "THE COURT:  Record should reflect as to Mr. Thomas, his
12     conduct is on the record.  I have warned him, he continued, I
       removed him, and consider him voluntarily absent."
13

14  (Opinion at 1-4.)

15          Petitioner argues that the trial court erred in removing him from the courtroom

16  under these circumstances.  (Am. Pet., filed April 29, 2004, at consecutive p. 3.)  The state

17  appellate court rejected petitioner's argument, reasoning as follows:

18          A criminal defendant has the constitutional right to be present at
        his trial.  (People v. Hines (1997) 15 Cal.4th 997, 1038-1039.)  A
19      defendant also has a statutory right to be present.  (§1043, subd.
        (a).)  However, under some circumstances the defendant's absence
20      from his trial may be warranted.  One of these circumstances
        involves a disruptive defendant.  (People v. Welch (1999) 20
21      Cal.4th 701, 773 (Welch).)  Trial may proceed in a defendant's
        absence in "[a]ny case in which the defendant, after he has been
22      warned by the judge that he will be removed if he continues his
        disruptive behavior, nevertheless insists on conducting himself in a
23      manner so disorderly, disruptive, and disrespectful of the court that
        the trial cannot be carried on with him in the courtroom."  (§ 1043,
24      subd. (b)(1).)

25          In reviewing the trial court's determination that disruption has
        occurred, the reviewing court accords the trial court's decision
26      "considerable discretion."  (Welch, supra, 20 Cal.4th at p. 774.)  In

1    Welch, our Supreme Court characterized the defendant as one who
     was "persistently disruptive."  (Ibid.)  Other cases have involved
2    defendants "who exhibited violently disruptive conduct . . . ."
     (People v. Carroll (1983) 140 Cal.App.3d 135, 143 (Carroll).)
3
     In this case, as the transcript indicates, on one occasion defendant
4    interrupted the trial court to make a comment on the proceedings
     and thereafter made disrespectful comments to the court four
5    different times.  In response, the court warned him that if he
     continued to speak, the court would order his removal from the
6    courtroom.  The court also made a record as to the events that
     occurred.
7
     The People argue that defendant "elevated his disruptive conduct
8    to a disrespect for the court" and, due to his "constant
     interruptions, [defendant] waived his right to be present . . . ."  The
9    People also argue that, even assuming the court erred in excluding
     defendant, the court's error was harmless under the circumstances.
10   We agree that any error was harmless.

11   Error in excluding a defendant represented by counsel from the
     courtroom is assessed using the harmless beyond a reasonable
12   doubt standard articulated in Chapman v. California (1967) 386
     U.S. 18, 24 [17 L.Ed.2d 705, 710-711] (Chapman).  (Carroll,
13   supra, 140 Cal.App.3d at p. 144; cf. In re Laura H. (1992) 8
     Cal.App.4th 1689, 1696.)  In the present case, proof of defendant's
14   1983 second conviction was based solely on documentary
     evidence.
15
     In our prior opinion remanding this matter for new trial, we noted
16   that the mere fact that defendant was convicted of second degree
     burglary would not support a strike finding within the meaning of
17   the "three strikes" law (§ 667, subd. (d)) or a prior serious felony
     finding within the meaning of section 667, subdivision (a).  A
18   burglary is a "serious felony" as defined by section 1192.7,
     subdivision (c) if defendant burglarized either an inhabited
19   dwelling house or the inhabited portion of any other building.  We
     recognized the People might be able to produce additional
20   evidence to prove defendant's 1983 prior was a serious felony.

21   At the new trial on the prior conviction, the People did so.  The
     prosecution produced defendant's prison commitment packages,
22   which the trial court admitted into evidence.  Among the
     documents admitted into evidence was a copy of the transcript of
23   defendant's 1983 guilty plea to second degree burglary.  During the
     taking of that plea, the trial court stated that, in pleading guilty,
24   defendant would be admitting he entered a residence with the
     intent to steal.  According to the court, defendant had entered a
25   home and "put on some tennis shoes and did some rummaging
     around."  Counsel argued on behalf of defendant before submitting
26   the matter on the evidence adduced by the prosecution.  Counsel

8

1          proffered no objection to that evidence and, contrary to his
       intimation on appeal, made no suggestion he had intended to call
2          defendant as a witness.

3          Given this state of the record, the court's finding that the burglary
       conviction qualified as a serious felony was inevitable.  The terms
4          "residence" and "inhabited dwelling house" are synonymous.
       (People v. Harrell (1989) 207 Cal.App.3d 1439, 1445.)  As the
5          1983 plea transcript shows, defendant admitted he entered a
       residence.  We reject defendant's claim that he might have clarified
6          any ambiguities regarding his prior conviction if he had been
       present in court.  The plea transcript made clear the nature of the
7          offense.  In sum, defendant has failed to establish how the result of
       the new trial on the validity of his prior conviction would have
8          been different if he had been present.  We conclude that, even
       assuming error, it was harmless beyond a reasonable doubt.  (See
9          Chapman, supra, 386 U.S. 18.)

10   (Opinion at 4-7.)

11          Under federal law, a criminal defendant charged with a felony offense has a

12   fundamental right to be present at every stage of the trial.  Illinois v. Allen, 397 U.S. 337, 338

13   (1970).  See also Kentucky v. Stincer, 482 U.S. 730, 745 (1987) ("a defendant is guaranteed the

14   right to be present at any stage of the criminal proceeding that is critical to its outcome if his

15   presence would contribute to the fairness of the procedure").  This right derives from the

16   Confrontation Clause of the Sixth Amendment and the Due Process Clauses of the Fifth and

17   Fourteenth Amendments.  United States v. Gagnon, 470 U.S. 522, 526 (1985).  However, "a

18   defendant can lose his right to be present at trial if, after he has been warned by the judge that he

19   will be removed if he continues his disruptive behavior, he nevertheless insists on conducting

20   himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot

21   be carried on with him in the courtroom."  Allen, 397 U.S. at 343.  Further, "th[e] privilege of

22   presence is not guaranteed 'when presence would be useless, or the benefit but a shadow.'

23   Stincer, 482 U.S. at 745 (quoting Snyder v. Massachusetts, 291 U.S. 97, 106-07 (1934)).  Finally,

24   any violation of a criminal defendant's right to be present is trial error, subject to harmless error

25   review.  Hovey v. Ayers, 458 F.3d 892, 903 (9th Cir. 2006); Campbell v. Rice, 408 F.3d 1166,

26   1172 (9th Cir. 2005) (en banc), cert. denied, ___ U.S. ___, 126 S. Ct. 735 (2005).

1          The decision of the California Court of Appeal rejecting petitioner's argument

2    that he was improperly removed from his retrial is not contrary to or an unreasonable application

3    of the federal authorities cited above and should not be set aside.  Petitioner was clearly informed

4    by the trial judge that he would be excluded from the courtroom if he continued to interrupt the

5    proceedings.  Even after being so warned, petitioner continued to interrupt the judge and made

6    several rude and disrespectful remarks.  Finally, he was ejected from the courtroom as a result of

7    his behavior.  He may not now complain that the trial proceeded without him.

8          In addition, any possible error in ejecting petitioner from the trial was harmless.

9    For the reasons explained by the California Court of Appeal, the trial court's finding that

10   petitioner's prior burglary conviction qualified as a serious felony was "inevitable," given the

11   documentary evidence produced by the prosecutor.  (Opinion at 6.)  In his traverse, petitioner

12   argues that if he had been allowed to remain in the courtroom he would have informed the trial

13   judge that his prior burglary conviction was reduced by the Los Angeles Superior Court to the

14   lesser charge of "theft" after petitioner told the court that he "never did enter the home or

15   property of the victim."  (Traverse (Doc. No. 73) at "pg 10 of 13 pgs.")  Petitioner has failed to

16   provide any documentation in support of this contention and his conclusory allegations in this

17   regard are insufficient to establish prejudice.  See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir.

18   1995) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not

19   warrant habeas relief'") (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).  There is no

20   evidence in the record before this court that the result of the retrial proceedings would have been

21   different if petitioner had been allowed to remain in the courtroom.  Accordingly, petitioner is

22   not entitled to relief on this claim.

23          B.  Ineffective Assistance of Counsel

24          Petitioner claims that he was denied the effective assistance of counsel during his

25   retrial because his trial attorney failed to sufficiently communicate with him and because he and

26   his attorney "quarreled."  (Am. Pet. at consecutive p. 4.)  Petitioner advises the court that his

10

1    problems with his trial attorney caused him to file an unsuccessful motion for substitute counsel

2    pursuant to People v. Marsden, 2 Cal. 3d 118 (1970), and an unsuccessful motion for self-

3    representation pursuant to Faretta v. California, 422 U.S. 806 (1975).  (Id.)

4              Petitioner raised his claim of ineffective assistance of trial counsel for the first

5    time in a petition for a writ of habeas corpus filed in the California Supreme Court.  (Resp'ts'

6    Lodged Document No. 11.)  As described above, the Supreme Court denied the petition, citing

7    the decisions in In re Swain, 34 Cal. 2d 300, 304 (1949), People v. Duvall, 9 Cal. 4th 464, 474

8    (1995) and In re Dixon, 41 Cal. 2d 756 (1953).  (Resp'ts' Lodged Document No. 12.)

9    Respondents argue that petitioner's claim in this regard is procedurally barred but that, in any

10   event, it should be denied on the merits.

11             State courts may decline to review a claim based on a procedural default.

12   Wainwright v. Sykes, 433 U.S. 72 (1977).  As a general rule, a federal habeas court "'will not

13   review a question of federal law decided by a state court if the decision of that court rests on a

14   state law ground that is independent of the federal question and adequate to support the

15   judgment.'"  Calderon v. United States District Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996)

16   (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)).  The state rule is only "adequate" if

17   it is "firmly established and regularly followed."  Id.  (quoting Ford v. Georgia, 498 U.S. 411,

18   424 (1991)).  See also Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003) ("[t]o be deemed

19   adequate, the state law ground for decision must be well-established and consistently applied.")

20   The state rule must also be "independent" in that it is not "interwoven with the federal law."

21   Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting Michigan v. Long, 463 U.S.

22   1032, 1040-41 (1983)).  Even if the state rule is independent and adequate, the claims may be

23   heard if the petitioner can show:  (1) cause for the default and actual prejudice as a result of the

24   alleged violation of federal law; or (2) that failure to consider the claims will result in a

25   fundamental miscarriage of justice.  Coleman, 501 U.S. at 749-50.

26   /////

1        In this case, the California Supreme Court cited three cases in denying petitioner's

2  application for a writ of habeas corpus.  It is not clear which of the cited bars were found by the

3  court to be applicable to which of the claims contained in the petition.  The court also notes that

4  denial of a habeas petition with a citation to In re Swain is deemed a denial on procedural

5  grounds, leaving state remedies unexhausted.  Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.

6  1986).  The California Supreme Court's order does not make clear which, if any, of petitioner's

7  claims were deemed unexhausted and which were deemed barred.  "[A] procedural default based

8  on an ambiguous order that does not clearly rest on independent and adequate state grounds is not

9  sufficient to preclude federal collateral review."  Calderon v. United States District Court (Bean),

10  96 F. 3d at 1131 (quoting Morales v. Calderon, 85 F. 3d 1387 (9th Cir. 1996)).  See also

11  Siripongs v. Calderon, 35 F.3d 1308, 1317-18 (9th Cir. 1994).  In this case, the California

12  Supreme Court's ambiguous order denying petitioner's claims does not bar federal review.  In

13  addition, a reviewing court need not invariably resolve the question of procedural default prior to

14  ruling on the merits of a claim where the issue of procedural default turns on difficult questions

15  of state law.  Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997); see also Busby v. Dretke, 359

16  F.3d 708, 720 (5th Cir. 2004).  Under the circumstances presented here, this court finds that

17  petitioner's claim of ineffective assistance of trial counsel can be resolved more easily by

18  addressing it on the merits.  Accordingly, this court will assume that petitioner's claim is not

19  procedurally defaulted.

20        The Sixth Amendment guarantees the effective assistance of counsel.  The United

21  States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in

22  Strickland v. Washington, 466 U.S. 668 (1984).  To support a claim of ineffective assistance of

23  counsel, a petitioner must first show that, considering all the circumstances, counsel's

24  performance fell below an objective standard of reasonableness.  Id. at  687-88.  After a

25  petitioner identifies the acts or omissions that are alleged not to have been the result of

26  reasonable professional judgment, the court must determine whether, in light of all the

1    circumstances, the identified acts or omissions were outside the wide range of professionally

2    competent assistance. Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003). Second, a

3    petitioner must establish that he was prejudiced by counsel's deficient performance. Strickland,

4    466 U.S. at 693-94. Prejudice is found where "there is a reasonable probability that, but for

5    counsel's unprofessional errors, the result of the proceeding would have been different." Id. at

6    694. A reasonable probability is "a probability sufficient to undermine confidence in the

7    outcome." Id. See also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981

8    (9th Cir. 2000). A reviewing court "need not determine whether counsel's performance was

9    deficient before examining the prejudice suffered by the defendant as a result of the alleged

10    deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of

11    sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955

12    (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

13        In assessing an ineffective assistance of counsel claim "[t]here is a strong

14    presumption that counsel's performance falls within the 'wide range of professional assistance.'"

15    Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689). There

16    is in addition a strong presumption that counsel "exercised acceptable professional judgment in

17    all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing

18    Strickland, 466 U.S. at 689).

19        Petitioner has failed to demonstrate prejudice with respect to his claim of

20    ineffective assistance of trial counsel. Petitioner alleges in a cursory fashion that his counsel

21    failed to sufficiently consult with him and that he and counsel "quarreled." (Am. Pet. at

22    consecutive p. 4.) Without more, these cursory allegations are insufficient to support petitioner's

23    claim of ineffective assistance. Jones, 66 F.3d at 204; James, 24 F.3d at 26. In addition, the

24    Sixth Amendment guarantee of the right to counsel and to effective assistance of counsel does

25    not include a right to "a 'meaningful relationship' between an accused and his counsel." Morris

26    v. Slappy, 461 U.S. 1, 13-14 (1983). Thus, "not every conflict or disagreement between the

1    defendant and counsel implicates Sixth Amendment rights."  Schell v. Witek, 218 F.3d 1017,

2    1027 (9th Cir. 2000) (en banc).  "[A] reviewing court must assess the nature and extent of the

3    conflict and whether that conflict deprived the defendant of representation guaranteed by the

4    Sixth Amendment."  Daniels v. Woodford, 428 F.3d 1181, 1197 (9th Cir. 2005).  Further,

5    "[b]revity of consultation time between a defendant and his counsel alone cannot support a claim

6    of ineffective assistance of counsel," especially where the petitioner fails to allege what purpose

7    further consultation with his attorney would have served and fails to demonstrate how further

8    consultation with his attorney would have produced a different result.  Strickland, 466 U.S. at

9    695; see also Chavez v. Pulley, 623 F. Supp. 672, 685 (E.D. Cal. 1985).

10            Petitioner has failed to demonstrate that further consultation with his trial attorney

11   would have resulted in a different outcome at his retrial.  He has also failed to show that the

12   conflict, if any, between himself and his trial counsel deprived him of "the effective assistance of

13   any counsel whatsoever."  Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir. 1970).  A review of

14   the record reflects that petitioner's counsel ably represented petitioner's interests at his retrial.

15   (Resp'ts' Lodged Document No. 17.)  For all of these reasons,  petitioner is not entitled to relief

16   on his claim of ineffective assistance of trial counsel.

17            C.  Right of Access to the Courts

18            In his third claim, petitioner alleges that prison authorities are denying him

19   adequate access to the law library and that he has been unable to obtain "legal materials," court

20   addresses, or copies of necessary documents.  (Am. Pet. at consecutive pgs. 5-6.)  Petitioner

21   claims that this situation violates his right to due process.  (Id.)

22            The United States Supreme Court has held that the denial of access to a law

23   library cannot provide the basis for federal habeas corpus relief because no Supreme Court case

24   clearly establishes a pro se petitioner's constitutional right to law library access.  Kane v. Garcia

25   Espitia, 546 U.S. 9, 10 (2005); see also Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006).

26   /////

1  Therefore, the state court's decision rejecting petitioner's claim in this regard was not contrary to,

2  or an unreasonable application of, clearly established federal law under 28 U.S.C. § 2254(d).

3         Even assuming arguendo that petitioner's claim in this regard is cognizable in a

4  federal habeas corpus action, petitioner has failed to show that his constitutional rights have been

5  violated by a lack of access to the law library.  It is well-settled that "[p]risoners have a

6  constitutional right of access to the courts guaranteed by the Fourteenth Amendment."  Bounds v.

7  Smith, 430 U.S. 817, 821 (1977)).  However, an inmate alleging a violation of Bounds must

8  demonstrate an actual injury to court access, defined as a specific "instance in which an inmate

9  was actually denied access to the courts."  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989),

10  (quoting Kershner v. Mazurkiewicz, 670 F.2d 440, 444 (3rd Cir. 1982)).  See also Lewis v.

11  Casey, 518 U.S. 343, 351-52 (1996).  To demonstrate "actual injury," plaintiff must show that he

12  "could not present a claim to the courts because of the state's failure to fulfill its constitutional

13  obligations."  Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir. 1995).  Petitioner has failed to

14  demonstrate that he has been unable to raise or proceed with the claims in the habeas petition

15  before this court because of a lack of law library access.  Accordingly, he is not entitled to relief

16  on his claim of a violation of the right to access the courts.

17         D.  Prosecutorial Misconduct

18         In his final claim, petitioner alleges that the prosecutor committed misconduct

19  when he failed to inform the trial court that petitioner's prior conviction was not for a second

20  degree burglary, but had been reduced by the Los Angeles County Superior Court to the lesser

21  offense of "theft of a person."  (Am. Pet. at consecutive p. 6; Traverse (document 72) at 2.)  As

22  described above, petitioner explains that the burglary charge against him was reduced to "theft of

23  a person" after he informed the Los Angeles Superior Court judge that he "never did enter the

24  home or property of the victim."  (Traverse (document 73) at "pg 10 of 13 pgs.")

25  /////

26  /////

1   Respondents argue that petitioner's claim of prosecutorial misconduct is

2   unexhausted.  Notwithstanding the exhaustion requirement, this court will recommend that

3   petitioner's claim be denied on the merits pursuant to 28 U.S.C. § 2254(b)(2).

4   Petitioner provides documentary evidence which indicates that on June 29, 1983,

5   he pled guilty to second degree burglary; was sentenced to the low term of sixteen months in

6   prison (time served); and was released on parole.  (Am. Pet. at consecutive pgs. 10-11.)

7   Petitioner appears to be arguing that the documentary evidence of record is incorrect in reflecting

8   that he was convicted of second degree burglary, as opposed to the lesser charge of "theft of a

9   person," and that the prosecutor committed misconduct when he failed to explain this to the

10   sentencing judge at the retrial.  Petitioner states that he "does not know why" the court record

11   does not reflect his understanding of what took place in connection with his prior burglary/theft

12   conviction.  (Traverse (document 73) at "pg 10 of 13 pgs.")

13   At petitioner's retrial, the prosecutor produced records relating to petitioner's

14   prior conviction.  (Resp'ts' Lodged Document No. 17 at 4-7.)  Those documents established that

15   petitioner pled guilty in 1983 to second degree burglary and received a sentence of sixteen

16   months in prison.  (Id.)  Petitioner's counsel argued that because petitioner received a sentence of

17   only sixteen months, he must have been convicted of a lesser crime than residential burglary.  (Id.

18   at 7-9.)  Counsel did not specify what that crime would have been, arguing that he was "not sure

19   what [petitioner was] convicted of."  (Id. at 6.)  In response, the prosecutor argued that petitioner

20   pled guilty to and was convicted of second degree burglary of an inhabited residence and that he

21   simply received the lower term sentence of sixteen months in state prison.  (Id. at 7-8, 10.)

22   Petitioner appears to be challenging the prosecutor's arguments in this regard, contending that the

23   prosecutor should have explained to the trial court that the conviction was actually on a lesser

24   offense that did not qualify as a prior serious felony for purposes of California's Three Strikes

25   Law.  Petitioner states that he wished to explain this situation to the judge at the retrial but that

26   /////

16

1  he was unlawfully ejected from the proceedings before he was able to do so.  (Traverse

2  (document 72) at 3.)

3          Petitioner's contention that the Los Angeles Superior Court reduced his charge

4  from burglary of a residence, a serious felony under the Three Strikes Law, to "theft of a person,"

5  which is not a serious felony, is unsupported by anything in the record before this court.  On the

6  contrary, as set forth above, the documents before this court indicate that petitioner was

7  convicted of second degree burglary and was sentenced to the lower term of sixteen months in

8  state prison.  Petitioner's conclusory and unsupported self-serving statements to the contrary are

9  insufficient to support any of the claims raised in the instant petition.

10          A defendant's due process rights are violated when a prosecutor's misconduct

11  renders a trial fundamentally unfair.  Darden v. Wainwright, 477 U.S. 168, 181 (1986).

12  However, such misconduct does not, per se, violate a petitioner's constitutional rights.  Jeffries v.

13  Blodgett, 5 F.3d 1180, 1191 (9th Cir. 1993) (citing Darden, 477 U.S. at 181, and Campbell v.

14  Kincheloe, 829 F.2d 1453, 1457 (9th Cir. 1987)).  Claims of prosecutorial misconduct are

15  reviewed "'on the merits, examining the entire proceedings to determine whether the prosecutor's

16  [actions] so infected the trial with unfairness as to make the resulting conviction a denial of due

17  process.'"  Johnson v. Sublett, 63 F.3d 926, 929 (9th Cir. 1995) (citation omitted).  See also

18  Greer v. Miller, 483 U.S. 756, 765 (1987); Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974);

19  Turner v Calderon, 281 F.3d 851, 868 (9th Cir. 2002).  Relief on such claims is limited to cases

20  in which the petitioner can establish that prosecutorial misconduct resulted in actual prejudice.

21  Johnson, 63 F.3d at 930 (citing Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)); see also

22  Darden, 477 U.S. at 181-83; Turner, 281 F.3d at 868.  Put another way, prosecutorial misconduct

23  violates due process when it has a substantial and injurious effect or influence in determining the

24  jury's verdict.  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996).

25          Petitioner has failed to demonstrate that the prosecutor committed misconduct

26  when he argued, consistent with the documentary evidence, that petitioner was convicted in 1983

1  of burglary of an inhabited dwelling, a "serious felony" for purposes of the Three Strikes Law.

2  Prosecutors are allowed to argue reasonable inferences from the evidence.  <u>Duckett v. Godinez</u>,

3  67 F.3d 734, 742 (9th Cir. 1997).  That is exactly what the prosecutor did here.  Petitioner has

4  also failed to show that the result of the retrial would have been any different if he had been able

5  to provide his explanation of the events, unsupported by any evidence, to the trial judge.

6            Therefore, petitioner is not entitled to relief on his claim of prosecutorial

7  misconduct.

8                       CONCLUSION

9            Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that

10  petitioner's application for a writ of habeas corpus be denied.

11           These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

13  days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16  shall be served and filed within ten days after service of the objections.  The parties are advised

17  that failure to file objections within the specified time may waive the right to appeal the District

18  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19  DATED: January 29, 2008.

20

21  _____

22  DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

23  DAD:8
     thomas733.hc

24

25

26